# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| ROLAND HUBER and KOURTNEY HUBER, *as Co-Trustees for the Heirs and Next of Kin of J.H., a minor decedent*, | Case No. 24-cv-3489 (LMP/JFD) |
| Plaintiffs, |  |
| v. | **ORDER GRANTING NINGBO'S MOTION TO DISMISS** |
| JOHNSON HEALTH TECH NORTH AMERICA, INC.; JOHNSON HEALTH TECH RETAIL, INC., *d/b/a Johnson Fitness and Wellness*; and, NINGBO BEHEALTHY ELECTRONIC TECHNOLOGY GROUP CO., LTD., |  |
| Defendants. |  |

Alicia N. Sieben, **Schwebel, Goetz & Sieben, Minneapolis, MN**; and Paul Ashley Grinke, **Ben Crump Law, PLLC, Frisco, TX**, for Plaintiffs.

Stanley E. Siegel, Tammy M. Reno, and Erika R. McClintock, **Nilan Johnson Lewis PA, Minneapolis, MN**, for Defendant Ningbo Behealthy Electronic Technology Group Co., Ltd.

Plaintiffs Roland and Kourtney Huber (the "Hubers"), on behalf of their deceased minor child J.H., brought this action against Defendants Johnson Health Tech North America, Inc., and Johnson Health Tech Retail, Inc. (collectively "Johnson"), and Ningbo Behealthy Electronic Technology Group Co., Ltd. ("Ningbo"), alleging that a massage chair manufactured by Ningbo and sold by Johnson caused the death of J.H. *See generally* ECF No. 16.

Ningbo's status as a Chinese corporation caused lengthy delays at the outset of this litigation as the Hubers sought to serve Ningbo in accordance with international law. *See, e.g.*, ECF No. 24; ECF No. 49 ¶¶ 1–2. Ningbo eventually was served and, on November 26, 2025, moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Ningbo agreed to several extensions of time for the Hubers to respond to the motion, and the two sides engaged in limited jurisdictional discovery so the Hubers could determine how to respond to the motion. *See generally* ECF Nos. 38, 42, 46. Most recently, on February 9, 2026, the Court granted the Hubers until February 17, 2026, to respond to the motion. ECF No. 48.

That deadline came and went with no response from the Hubers. Then, on March 3, 2026, the Hubers and Johnson filed a joint motion to alter the current scheduling order, which was set on November 21, 2025, asking the Court to extend all current deadlines by six months. ECF No. 49 ¶ 4. United States Magistrate Judge John F. Docherty granted that motion on March 4, 2026. ECF No. 52.

Regarding Ningbo's pending but unanswered motion to dismiss, the Hubers represented to the Court that "[a]fter conducting some jurisdictional discovery, [the Hubers] did not file a response to the Motion to Dismiss." ECF No. 49 ¶ 4. Nevertheless, the Hubers ask the Court to provide a ruling on the motion because of "the effect and weight of the Court's ruling on the jurisdictional issue in relation to product liability law." *Id.* It is unclear precisely what the Hubers desire. If they are asking for some form of a detailed order analyzing the merits of Ningbo's personal jurisdiction arguments, such a request would be highly unusual given the posture here. Courts sometimes analyze the merits of

2

unanswered motions to dismiss where a plaintiff has abandoned the litigation entirely, often in cases involving pro se parties. *See, e.g.*, *Dorosh v. Minn. Dep't of Hum. Servs.*, No. 23-cv-1144 (ECT/LIB), 2023 WL 6279374, at *9 (D. Minn. Sept. 26, 2023) (noting that waiver "alone would be enough to grant" a motion to dismiss but nevertheless considering the merits). But this is a different situation. Here, the Hubers have not forfeited their claims through abandonment. Instead, the Hubers spent months figuring out how and whether to respond to Ningbo's motion to dismiss and have, it seems, simply determined they do not have a good response. That they offer "no argument, no evidence—nothing," in response to Ningbo's motion yet continue to litigate the case leads to the "inescapable conclusion" that they are affirmatively conceding on the merits of Ningbo's motion. *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 (D. Minn. 2009).

Given the Hubers' apparent concession, the Court does not believe it would be a prudent use of judicial resources to engage with the merits of Ningbo's motion without a reasoned response from the Hubers. *See Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("If a party neglects to raise, concedes, or waives an issue, a court generally has no obligation to consider it."). First, personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted). The Hubers present no exhibits in response to Ningbo's motion, so the Court is left with the uncontroverted evidence submitted by Ningbo. There is simply no permissible basis on

which the Court could *sua sponte* contest or question that evidence.[1] *Calzone v. Summers*, 942 F.3d 415, 435 (8th Cir. 2019) (Shepherd, J., dissenting) ("Even where the record factually supports what might be a better legal argument . . . it is not our place to raise it for a litigant who forfeits and waives the argument."). Second, that the Hubers believe the motion presents an issue of significant "effect and weight . . . on the jurisdictional issue in relation to product liability law," ECF No. 49 ¶ 4, cautions against offering a detailed opinion without the benefit of adversarial briefing. *See Stanley v. City of Sanford*, 606 U.S. 46, 72 (2025) (Thomas, J., concurring) (noting that courts "take seriously the need for adversarial briefing" and that "[t]he absence of briefing on the legal issue before us may complicate or even thwart our efforts to resolve it"); *United States v. Wendt*, No. 24-2458, 2026 WL 590145, at *14 n.5 (8th Cir. Mar. 3, 2026) (Kelly, J. dissenting) (noting that courts generally should not consider issues without "the value of adversarial briefing on a significant legal theory").

In sum, given that the Hubers investigated, analyzed, and considered Ningbo's motion to dismiss and yet offer no opposition to it, the Court is left with the inescapable

---

[1]    That evidence also appears to establish the validity of Ningbo's motion. Ningbo represents that it is a Chinese corporation that has never conducted business in Minnesota or had any direct contact with Minnesota or the Hubers as it relates to the Hubers' purchase of the massage chair from Johnson. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 650 (8th Cir. 2003) (holding no personal jurisdiction exists where "the evidence indicates that [defendant] has no direct contacts" with the forum state); *Witt v. TFS Surgical (US), Inc.*, No. 16-cv-1042 (JRT/BRT), 2017 WL 3267734, at *6 (D. Minn. July 12, 2017) ("Without more, it appears that [defendant] has done nothing more than place its product in the stream of commerce . . . , which is insufficient to establish personal jurisdiction."), *report and recommendation adopted*, 2017 WL 3267706 (D. Minn. July 31, 2017).

4

conclusion that they are conceding the motion's merit.  The Court therefore grants Ningbo's

Rule 12(b)(2) motion and dismisses all claims against Ningbo.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT**

**IS HEREBY ORDERED THAT**:

1. Ningbo's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 31) is **GRANTED**; and

2. All claims against Ningbo are **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 23, 2026                     *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge